731 S.E.2d 873

**In the Matter of Christopher Lance SHEEK, Respondent.**

Appellate Case No.2012–212394.

**No. 27163.**

Supreme Court of South Carolina.

Submitted July 16, 2012.

Decided Aug. 29, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Christopher Lance Sheek, of Greenwood, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of an admonition or public reprimand. Respondent further agrees: 1) to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of a sanction; 2) to complete the Legal Ethics and Practice Program Ethics School within one (1) year of the imposition of a sanction; and 3) to retain and work with a law office management advisor for two (2) years following the imposition of a sanction. We accept the Agreement and issue a public reprimand. In addition, we impose the conditions of discipline agreed to by the parties. The facts, as set forth in the Agreement, are as follows.

## *Facts*

### *Matter I*

Client A hired respondent to represent him on appeal from his criminal conviction. Respondent failed to timely file the record on appeal and the appeal was dismissed. Respondent moved for reconsideration of the dismissal, but failed to respond in writing to two letters from the court and his motion was dismissed. Respondent failed to inform Client A of the dismissal of the appeal and his failure to have the appeal reinstated.

Client A discovered his appeal had been dismissed when he wrote to the appellate court. An attorney with the Office of Appellate Defense later had Client A's appeal reinstated and Client A prevailed on appeal.

### *Matter II*

Respondent represented Client B in a probate court appeal. The appeal was dismissed when respondent failed to appear for a roster meeting. Respondent maintains he was unaware

of the roster meeting until the clerk's office called on the morning of the meeting; however, several weeks earlier the clerk's office had sent a memorandum advising that the roster had been posted online.

Respondent moved for reconsideration, but submitted the motion to the wrong judge. Respondent was advised he had ten (10) days to submit the motion to the judge who had dismissed the appeal. Respondent failed to timely submit the motion to the correct judge, but the judge learned of the motion and issued an order denying the motion for reconsideration. When respondent notified Client B that the motion for reconsideration had been denied, she terminated the representation.

### Matter III

Respondent represented Client C, the wife, in a domestic action which did not result in a divorce. Several years after he was initially hired, respondent met with Client C and her husband about a change of custody. Respondent was advised the parties had agreed to divorce and for the husband to have custody of the couple's minor children. Respondent prepared the proposed agreement as Client C's attorney.

After the parties executed the agreement, Client C advised respondent that she did not want to proceed with the agreement. Respondent refused the husband's demands that he file the agreement, but did write a letter on the husband's behalf advising the school that the husband had joint custody of the couple's son and should be notified if anyone tried to remove the child from school. Respondent did not have Client C's permission to write the letter and admits his conduct violated the Rules of Professional Conduct.

### Matter IV

Respondent represented the widow in an estate in which the widow and the decedent's child were the only heirs. The probate court removed the widow as personal representative, replacing her with the decedent's child. Both heirs agreed for respondent to serve as the special administrator.

As the special administrator, respondent failed to diligently pursue the closing of the estate. The probate court repeated-

ly wrote respondent in an effort to get him to take the steps necessary to close the estate. On one occasion, the court noted respondent had failed to respond to an earlier inquiry and, on another occasion, the court threatened to issue a rule to show cause. Eventually, the probate court administratively closed the estate with leave to restore.

## Matter V

Respondent represented Client D at trial on criminal charges. Client D was convicted and sentenced to life imprisonment. Thereafter, Client D wrote respondent twice requesting a complete copy of his file and information about his appeal. Respondent did not respond to Client D's first two letters.

More than a year after the second letter, Client D wrote respondent, again demanding his file. In response, respondent wrote Client D indicating the file was too voluminous to mail to the prison and stating he had explained this several times to Client D's family. Eventually, respondent had the file delivered to the prison.

## Matter VI

This matter arises from respondent's representation of a father in a child custody action. The complaint was filed by the child's mother who appeared *pro se* throughout the litigation.

Respondent prepared the proposed order; he failed to submit a copy of the proposed order to the mother. Further, respondent submitted the proposed final order to the judge in an untimely manner and accidently failed to include a restraining order as well as some details regarding visitation. The order was signed and filed before respondent realized the omissions in the order.

## *Law*

■ Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall keep client reasonably informed about

the status of matter; lawyer shall promptly comply with reasonable requests for information); Rule 1.7 (lawyer shall not represent client if the representation involves concurrent conflict of interest); Rule 1.16(d) (upon termination of representation, lawyer shall take steps to the extent reasonably practicable to protect client's interests, such as giving reasonable notice to client, allowing time for employment of other counsel, and surrendering papers and property to which client is entitled); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct prejudicial to administration of justice).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

### *Conclusion*

■ We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Respondent shall: 1) pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission within thirty (30) days of the date of this opinion and 2) complete the Legal Ethics and Practice Program Ethics School within one (1) year of the date of this opinion. Respondent shall provide the Commission with proof of his completion of the Legal Ethics and Practice Program Ethics School within ten (10) days of the conclusion of the program.

Further, respondent shall retain a law office management advisor approved by the Commission who shall work with respondent for a period of two (2) years from the date of this opinion. The advisor shall conduct a thorough review of respondent's law office management practices. Within ninety (90) days of the date of this opinion, the advisor shall submit a report to the Commission which contains an analysis of and recommendations concerning respondent's law office management practices. For the remainder of the two (2) year period, respondent shall meet with the advisor on at least a quarterly basis and the advisor shall submit quarterly reports concerning the status of respondent's law office management practices to the Commission. Respondent shall be responsible for

payment of the advisor and for timely submission of the advisor's reports. Respondent's failure to comply with any of the conditions of discipline set forth in this opinion or with the advisor's recommendations shall constitute grounds for discipline.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.