# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Christopher Lance Sheek, Respondent.

Appellate Case No. 2021-000921

---

Opinion No. 28060
Submitted September 9, 2021 – Filed September 22, 2021

---

### DEFINITE SUSPENSION

---

Disciplinary Counsel John S. Nichols and Assistant
Disciplinary Counsel Julie K. Martino, both of Columbia,
for the Office of Disciplinary Counsel.

J. Steedley Bogan, of Columbia, for Respondent.

---

**PER CURIAM:** In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR). In the Agreement, Respondent admits misconduct, consents to
the imposition of a public reprimand or a definite suspension not to exceed one
year, and agrees to pay costs. We accept the Agreement and suspend Respondent
from the practice of law in this state for one year. The facts, as set forth in the
Agreement, are as follows.

### I.

The disciplinary complaint in this matter arose following Respondent's conduct in
two cases before the South Carolina Court of Appeals that demonstrated a lack of
competence to handle appellate cases, a consistent failure to adhere to the SCACR,
and repeated failure to comply with the court of appeals' orders and directives from
the Clerk of the court of appeals.

In the first matter, the Clerk notified Respondent on October 1, 2010, that his brief was not in compliance with Rule 267, SCACR, and that he had ten days to cure the deficiency. Respondent failed to respond and did not cure the deficiency. The Clerk wrote Respondent again on October 20, 2010, and gave him an additional ten days. Respondent failed to respond to that letter or cure the deficiency.

On November 19, 2010, the Clerk wrote Respondent informing him of a deficiency in the supplemental record on appeal, and that he had seven days in which to cure the deficiency. Again, Respondent failed to respond or cure the deficiency. On November 24, 2010, opposing counsel filed a Motion to Require Appellant to Serve and File a Complete Record on Appeal, in which opposing counsel cited numerous failures by Respondent to include designated documents in the record and to properly number the pages of the record. The court of appeals granted that motion on January 19, 2011.

On February 16, 2011, having received no response from Respondent to any of its letters or the court's order, the Clerk wrote Respondent once again. In addition to requesting compliance with the previous letters and order within seven days, the Clerk notified Respondent that he had not yet filed a certificate of counsel for the record or supplemental record. The Clerk requested that those certificates be filed within seven days. On February 25, 2011, after receiving no response from Respondent, the Clerk gave Respondent an additional seven days to comply.

The Clerk dismissed the appeal on March 18, 2011. On April 5, 2011, the court received Respondent's Motion to Reinstate Appeal. On April 29, 2011, the court entered an order stating that it would consider the motion to reinstate if Respondent complied with the prior order and the directives of the Clerk within seven days.

On May 13, 2011, the court reinstated the appeal. The same day, the Clerk wrote to Respondent to request certificates of counsel, which the Clerk originally requested on February 16, 2011. On June 8, 2011, the Clerk wrote to Respondent and cited other deficiencies Respondent failed to correct. The Clerk gave Respondent ten days to cure all these deficiencies. Also, on June 8, 2011, the Clerk received a letter from opposing counsel explaining that Respondent had not served the second supplemental record on appeal and that opposing counsel could not file his final brief until Respondent did so.

On June 20, 2011, the court of appeals received a request by Respondent for an extension of time to comply with the pending deadlines. The court of appeals granted the extension until August 3, 2011. On June 30, 2011, opposing counsel

again filed a motion to require Respondent to comply with the court of appeals' orders and directives to serve an entire record on appeal.  On August 24, 2011, opposing counsel filed a motion to dismiss.

Having heard nothing from Respondent since his request for an extension on June 20, 2011, the court of appeals granted the motion to dismiss on October 11, 2011.  On October 27, 2011, Respondent filed a motion to reconsider.  The court of appeals entered an order on December 7, 2011, giving Respondent fifteen days to comply with its orders and directives and stating the court of appeals would consider the motion to reinstate if Respondent complied with those orders.  On January 11, 2013, after finally receiving notification that Respondent had complied with the court of appeals' orders and directives, the appeal was reinstated for a second time.  In addition, on January 11, 2013, the Clerk sent Respondent letters regarding several simple deficiencies that still existed in his filings.  Ultimately, after no response from Respondent and a failure to cure the noted deficiencies, the court dismissed the appeal by order dated February 20, 2013.

In the second appellate matter, opposing counsel filed a motion to dismiss due to Respondent's failure to timely serve an initial brief and designation of matter to be included in the record on appeal.  Opposing counsel also noted that Respondent filed the brief prior to ordering the transcript.  Respondent filed a return, in which he admitted he had not ordered the transcript at the time the brief was filed but claimed he had mistakenly ordered the transcript from the wrong court reporter and had corrected his error and ordered the transcript from the correct court reporter.

Opposing counsel filed a reply with exhibits indicating that Respondent made misrepresentations to the court of appeals regarding the true status of the transcript and appeal.  Specifically, opposing counsel attached correspondence from the court reporter showing Respondent had been in contact with the correct court reporter since December 2011 and did not order the transcript until August 16, 2012, after he filed his return to the motion to dismiss.  Respondent represented the incorrect information in his return was a result of incorrect information provided to him by his staff.  Respondent acknowledged that it was his responsibility to ensure that correct information was provided to the court of appeals.

By order filed September 28, 2012, the court of appeals dismissed the appeal.  The court cited Respondent's failure to order the transcript until eight months had passed from the filing of the notice of appeal, Respondent's misrepresentations regarding the ordering of the transcript, Respondent's failure to serve the opposing

party with the initial brief, and Respondent's filing of the initial brief without ordering the transcript.

Respondent admits his conduct violated the following Rules of Professional Conduct in Rule 407, SCACR: Rule 1.1 (requiring competence); Rule 3.2 (expediting litigation); Rule 3.4(c) (knowingly disobeying rules of a tribunal); Rule 4.1(a) (prohibiting a false statement of material fact to a tribunal); Rule 5.1(a) (supervising lawyer must make reasonable efforts to ensure his law firm complies with the Rules of Professional Conduct); Rule 5.3 (establishing responsibilities regarding non-lawyer assistants); and 8.4(e) (prohibiting conduct prejudicial to the administration of justice).

## II.

Respondent admits his conduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (prohibiting a violation of the Rules of Professional Conduct) and Rule 7(a)(5) (prohibiting conduct tending to pollute the administration of justice). Respondent also agrees to pay the costs incurred by ODC and the Commission on Lawyer Conduct (Commission) in investigating and prosecuting this matter within thirty days of the imposition of discipline.

In terms of the appropriate sanction, we note Respondent's disciplinary history includes a prior instance of mishandling an appeal and untruthfulness in statements to others. *See In re Sheek*, 399 S.C. 351, 731 S.E.2d 873 (2012) (publicly reprimanding Respondent for, among other things, a failure to timely file a record on appeal which resulted in the dismissal of the appeal). Respondent also received a Letter of Caution in May 2005 citing the following Rules of Professional Conduct: Rule 1.1 (requiring competence); Rule 4.1 (requiring truthfulness in statements to others); Rule 4.4 (requiring respect for rights of third persons); Rule 8.4(d) (prohibiting conduct involving dishonesty); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice). *See* Rule 2(s), RLDE, Rule 413, SCACR (providing a letter of caution may be considered in a subsequent disciplinary proceeding against the lawyer if the caution or warning contained therein is relevant to the misconduct alleged in the proceedings).

## III.

We accept the Agreement and suspend Respondent from the practice of law for one year. Within fifteen days of the date of this opinion, Respondent shall file an

affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR. Within thirty days of the date of this opinion, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur. FEW, J., not participating.**